**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kirk Nowak,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Isles Homeowners' Association,<br><br>　　　　Defendant. | No. CV 12-08023-PCT-FJM<br><br>**ORDER** |

The court has before it defendant's motion for sanctions (doc. 25) and defendant's motion for ruling on motion for sanctions (doc. 27).

Defendant seeks sanctions pursuant to Fed. R. Civ. P. 16(f) for plaintiff's failure to comply with the Magistrate Judge's settlement conference orders dated May 21, 2012 and August 2, 2012. Defendant contends that plaintiff also failed to comply with the Magistrate Judge's order dated September 18, 2012, requiring plaintiff to show cause why he should not be sanctioned for failing to comply with the May 21 and August 2 orders. Neither plaintiff's former lawyer (now withdrawn) nor the Magistrate Judge's staff had been able to contact plaintiff. Then, on January 18, 2013, the Magistrate Judge received a prohibited *ex parte* email communication from plaintiff in chamber's email box, purporting to explain why plaintiff had failed to comply with the court's orders. The Magistrate Judge sealed the email communication, had copies sent to the counsel of record, and informed plaintiff of the

prohibition of *ex parte* communications with a judge.

This action was filed over a year ago. Plaintiff's counsel withdrew as of August 1, 2012, and although plaintiff was notified of his responsibility to prosecute this case, he has made no effort to do so. He ignored two orders to appear at settlement conferences, then ignored an order to show cause why he should not be sanctioned for his failure to comply. He has been notified that his failure to comply could result in sanctions. It was only after defendant filed its motion for sanctions that plaintiff was finally prompted to respond, however he only did so by way of a prohibited *ex parte* communication. Plaintiff has inadequately explained his neglect in prosecuting this case.

Therefore, **IT IS ORDERED GRANTING** defendant's motion for ruling on sanctions (doc. 27), **GRANTING** defendant's motion for sanctions (doc. 25), **DISMISSING** this case with prejudice for plaintiff's failure to comply with court orders, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v), and **AWARDING** defendant its reasonable fees and costs incurred in preparing for the settlement conference at which plaintiff failed to appear. Defendant shall submit evidence of its reasonable fees and costs on or before February 28, 2013.

We note that in his email communication, plaintiff provided an address different from that stated on the docket. See email attachment to Judge Anderson's order (doc. 26). Although this does not comply with the change of address notice required by LRCiv 83.3(d), out of an abundance of caution, we direct the clerk to send a copy of this order to both plaintiff's address of record, as well as the address listed on plaintiff's email.

DATED this 13th day of February, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge