1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Kirk Nowak,                          )    No. CV 12-08023-PCT-FJM
                                          )
10            Plaintiff,                   )    **ORDER**
                                          )
11   vs.                                   )
                                          )
12                                         )
     Isles Homeowners' Association,        )
13                                         )
              Defendant.                   )
14                                         )
     _____  )
15

16

17          The court has before it defendant's motion for sanctions (doc. 25) and defendant's

18   motion for ruling on motion for sanctions (doc. 27).

19          Defendant seeks sanctions pursuant to Fed. R. Civ. P. 16(f) for plaintiff's failure to

20   comply with the Magistrate Judge's settlement conference orders dated May 21, 2012 and

21   August 2, 2012.  Defendant contends that plaintiff also failed to comply with the Magistrate

22   Judge's order dated September 18, 2012, requiring plaintiff to show cause why he should not

23   be sanctioned for failing to comply with the May 21 and August 2 orders.  Neither plaintiff's

24   former lawyer (now withdrawn) nor the Magistrate Judge's staff had been able to contact

25   plaintiff.  Then, on January 18, 2013, the Magistrate Judge received a prohibited *ex parte*

26   email communication from plaintiff in chamber's email box, purporting to explain why

27   plaintiff had failed to comply with the court's orders.  The Magistrate Judge sealed the email

28   communication, had copies sent to the counsel of record, and informed plaintiff of the

1   prohibition of *ex parte* communications with a judge.

2          This action was filed over a year ago.  Plaintiff's counsel withdrew as of August 1,

3   2012, and although plaintiff was notified of his responsibility to prosecute this case, he has

4   made no effort to do so.  He ignored two orders to appear at settlement conferences, then

5   ignored an order to show cause why he should not be sanctioned for his failure to comply.

6   He has been notified that his failure to comply could result in sanctions.  It was only after

7   defendant filed its motion for sanctions that plaintiff was finally prompted to respond,

8   however he only did so by way of a prohibited *ex parte* communication.  Plaintiff has

9   inadequately explained his neglect in prosecuting this case.

10         Therefore, **IT IS ORDERED GRANTING** defendant's motion for ruling on

11   sanctions (doc. 27), **GRANTING** defendant's motion for sanctions (doc. 25), **DISMISSING**

12   this case with prejudice for plaintiff's failure to comply with court orders, pursuant to Fed.

13   R. Civ. P. 16(f) and 37(b)(2)(A)(v), and **AWARDING** defendant its reasonable fees and

14   costs incurred in preparing for the settlement conference at which plaintiff failed to appear.

15   Defendant shall submit evidence of its reasonable fees and costs on or before February 28,

16   2013.

17         We note that in his email communication, plaintiff provided an address different from

18   that stated on the docket.  See email attachment to Judge Anderson's order (doc. 26).

19   Although this does not comply with the change of address notice required by LRCiv 83.3(d),

20   out of an abundance of caution, we direct the clerk to send a copy of this order to both

21   plaintiff's address of record, as well as the address listed on plaintiff's email.

22         DATED this 13th day of February, 2013.

23

24   _____
                    Frederick J. Martone
25                United States District Judge

26

27

28

- 2 -